# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: _____

**VANEL PETTIGNY,**

     Plaintiff,

v.

**FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,**

     Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **VANEL PETTIGNY**, by and through undersigned counsel, sues Defendant,

**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES** ("FHP"

or "Department"), and alleges as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the **Florida Civil Rights Act**, Fla. Stat. § 760.01, *et seq.* ("FCRA").

2. This Court has federal question jurisdiction pursuant to **28 U.S.C. § 1331** and **28 U.S.C. § 1343**.

3. This Court has supplemental jurisdiction over the state law claims pursuant to **28 U.S.C. § 1367** as they arise from the same common nucleus of operative facts.

4. Venue is proper in the Southern District of Florida pursuant to **28 U.S.C. § 1391(b)** because a substantial part of the events or omissions giving rise to the claim occurred in this District (Broward/Miami-Dade County), and the Plaintiff resides in this District.

## II. CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to filing this lawsuit.

6. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") (EEOC Charge No. 511-2025-03049).

7. The EEOC issued a **Determination and Notice of Rights (Right to Sue)** on **December 1, 2025**.

8. This action is commenced within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## III. PARTIES

9. Plaintiff, **VANEL PETTIGNY**, is a **Black African American of Haitian descent**, a resident of Broward County, Florida, and at all material times was an employee of Defendant.

10. Defendant, **FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**, is a state agency and an "employer" within the meaning of Title VII and the FCRA.

2

## IV. GENERAL ALLEGATIONS

11. Plaintiff has been employed as a State Trooper by Defendant since March 2017.

12. On **March 18, 2025**, Plaintiff was present at the **Turkey Point Firing Range (10190 SW 344th St)** for mandatory training.

13. While Plaintiff was on the firing line wearing ear protection and engaging in a live-fire drill, **Sgt. Ahmed Delsol**, acting in the capacity of a range instructor (who is a Sgt. but not Plaintiff's supervisor), was standing approximately 10–15 feet behind Plaintiff at the time of the exercise and started to yell "Yo!" at Plaintiff. **Plaintiff DID NOT HEAR him. Four other Troopers were on the live firing line performing the same training exercise.**

14. Rather than addressing the training issue if there were any and moving on, Sgt. Delsol decided to engage in a hostile verbal exchange in addition by referring to the Plaintiff as "Yo" multiple times and not by his rank or name. When Plaintiff respectfully requested to be addressed professionally rather than by the term "Yo"—which Plaintiff identified as unprofessional "ghetto vernacular" and culturally offensive—Sgt. Delsol escalated the interaction.

15. In response to Plaintiff's request for dignity, **Sgt. Delsol and other range instructors gave the Range Master (Lt. Philipson) an ultimatum to remove Plaintiff or they would not continue training.**

16. Defendant subsequently alleged Plaintiff committed a safety violation by walking away. This was pretextual; Plaintiff's weapon was **holstered and empty** (with the orange safety follower visible) at the time, posing no danger to anyone.

17. Despite this lack of danger, **Sgt. Delsol and other range Instructors failed to provide Plaintiff with duty ammunition prior to removing him from training and sending him home defenseless in his marked patrol vehicle.** This action created an actual severe officer safety risk, forcing Plaintiff to travel in a marked unit without the means to defend himself or the public.

18. The incident caused Plaintiff severe stress, anxiety, and paranoia, forcing him to take ten (10) days of **Sick Leave**.

19. On or about **March 28, 2025**, Plaintiff filed a formal internal complaint regarding the discriminatory harassment and the safety risk created by his supervisor, specifically notifying **Sgt. Slater (Immediate Supervisor), Sgt. Enrique Rodriguez (PBA Union Rep), Lt. Sharon Jones (Troop K Post 3 Supervisor), Lt. Jean Philipson (Troop K Post 1 Supervisor), Cpt. Adrian Olivas (Troop K Miami District Commander), and Major Roger Reyes (Troop K Commander).**

20. Defendant maintains a "clique culture" wherein favored supervisors are protected, and complaints by officers of color are ignored or "swept under the rug."

21. Consistent with this culture, Defendant failed to investigate Plaintiff's complaint for over five (5) months.

22. Instead of addressing Plaintiff's grievance, Defendant initiated a retaliatory internal investigation *against* Plaintiff approximately two months after he complained.

23. The investigation itself was a sham and evidence of retaliatory intent. The investigator **posed questions to witnesses regarding statements Sgt. Delsol never alleged Plaintiff made**, demonstrating a "fishing expedition" to manufacture cause for discipline.

24. Further proving the careless and predetermined nature of the investigation, the disciplinary packet provided to Plaintiff included **termination paperwork for a completely different trooper** unrelated to Plaintiff's case.

25. On **September 16, 2025**, as a direct result of this flawed and retaliatory investigation, Defendant issued Plaintiff a **40-hour suspension without pay**.

26. This 40-hour suspension was a significant deviation from Defendant's standard progressive discipline policies.

27. Plaintiff is aware of other non-Black and non-Haitian Troopers who have engaged in comparable or more serious alleged insubordination who were not suspended for 40 hours.

28. Other officers, including **Sgt. Vernon Slater**, can corroborate the toxic environment and the disparate treatment of officers of color.

## COUNT I

## RACE DISCRIMINATION

### (Violation of Title VII of the Civil Rights Act of 1964)

29. Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff is a member of a protected class (Black).

31. Plaintiff was qualified for his position and performing his duties satisfactorily.

32. Plaintiff was subjected to adverse employment actions, including a 40-hour suspension without pay and **was not provided duty ammunition** which materially altered the conditions of his employment.

33.     Defendant treated Plaintiff less favorably than similarly situated employees outside of his protected class (non-Black Troopers) who were not subjected to such severe discipline for similar conduct.

34.     Defendant's actions were intentional and motivated by racial animus.

## COUNT II

### NATIONAL ORIGIN DISCRIMINATION

### (Violation of Title VII of the Civil Rights Act of 1964)

35.     Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

36.     Plaintiff is a member of a protected class (**Haitian Descent**).

37.     The use of terms such as "Yo" and "ghetto vernacular" by **Plaintiff's supervisor in a professional work environment**, and the subsequent punishment for Plaintiff's objection to these terms, demonstrates bias against Plaintiff's **ancestry and cultural identity**.

38.     Plaintiff was subjected to adverse employment actions, including suspension, humiliation, **hostile work environment, and intimidation** which were not inflicted upon Troopers of **non-color and non-ethnic backgrounds**.

39.     Defendant's actions were intentional and motivated by animus toward Plaintiff's **race, ancestry, and cultural identity**.

## COUNT III

### RETALIATION

### (Violation of Title VII of the Civil Rights Act of 1964)

6

40.    Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

41.    Plaintiff engaged in statutorily protected activity by: (a) opposing the discriminatory conduct of Sgt. Delsol on March 18, 2025; and (b) filing a formal internal complaint on March 28, 2025 **(which went ignored)**.

42.    Plaintiff suffered materially adverse actions, including a 40-hour suspension without pay.

43.    There is a causal connection between the protected activity and the adverse action. The investigation against Plaintiff was initiated in close temporal proximity to his complaint, and the investigation contained manufactured evidence (incorrect termination papers) and leading questions, indicating pretext.

44.    But for Plaintiff's protected activity, the adverse actions would not have occurred.

## COUNT IV

### HOSTILE WORK ENVIRONMENT

### (Violation of Title VII of the Civil Rights Act of 1964)

45.    Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

46.    Plaintiff was subjected to unwelcome harassment based on his **race and ancestral origin**.

47.    The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment. Specifically, being yelled at with derogatory terms by a superior and subsequently being disarmed and sent into the field defenseless created a physically dangerous and emotionally abusive environment. **A retaliatory investigation was also opened against him.**

48. A reasonable person in Plaintiff's position would find the work environment hostile and abusive.

49. Defendant knew or should have known of the harassment—as evidenced by Plaintiff's formal complaint and the known "clique culture"—and failed to take prompt and effective remedial action.

## COUNT V

### RACE DISCRIMINATION

### (Violation of Florida Civil Rights Act, Fla. Stat. § 760.10)

50. Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

51. The standard for race discrimination under the FCRA is identical to Title VII.

52. Defendant discriminated against Plaintiff based on his race by suspending him and treating him disparately compared to non-Black employees.

53. Plaintiff suffered damages as a proximate result of Defendant's violation of the FCRA.

## COUNT VI

### NATIONAL ORIGIN DISCRIMINATION

### (Violation of Florida Civil Rights Act, Fla. Stat. § 760.10)

54. Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

55. Defendant discriminated against Plaintiff based on his **race and ancestral Haitian origin** by subjecting him to adverse employment actions and disparate treatment compared to **non-Haitian** employees.

56. Plaintiff suffered damages as a proximate result of Defendant's violation of the FCRA.

## COUNT VII

## RETALIATION

### (Violation of Florida Civil Rights Act, Fla. Stat. § 760.10)

57. Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

58. Defendant retaliated against Plaintiff for opposing discriminatory practices and filing a complaint, in violation of the FCRA.

59. Plaintiff suffered damages as a proximate result of Defendant's violation of the FCRA.

## COUNT VIII

## HOSTILE WORK ENVIRONMENT

### (Violation of Florida Civil Rights Act, Fla. Stat. § 760.10)

60. Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

61. Defendant maintained a hostile work environment based on Plaintiff's **race and ancestral Haitian origin** in violation of the FCRA.

62. Defendant failed to take prompt remedial action despite notice of the harassment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, and requests:

A.      A declaratory judgment that the actions of Defendant violated Title VII and the

FCRA;

B.      **Back pay** and all other monetary damages for lost wages and benefits resulting

from the suspension and any other adverse actions;

C.      **Compensatory damages** for emotional distress, mental anguish, loss of dignity,

and other non-pecuniary losses (subject to applicable statutory caps under Fla.

Stat. § 768.28);

D.      **Reinstatement** of any leave time forced to be taken due to the stress of the hostile

environment;

E.      Reasonable **attorney's fees and costs** pursuant to 42 U.S.C. § 2000e-5(k) and

Fla. Stat. § 760.11;

F.      Pre-judgment and post-judgment interest; and

G.      Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**Dated: February 16, 2026**

Respectfully submitted,

**DISCRIMINATION LAW, P.A.**
*Counsel for Plaintiff*
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
Telephone: (561) 271-1769
Email: jromanopa@yahoo.com

By: /s/ Jay Romano
**JAY F. ROMANO, ESQ.**
Florida Bar No.: 0934097